IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HENRY MARVIN MOSS,                    :
                                      :
              Plaintiff               :
                                      :
        VS.                           :        NO. 5:09-CV-55 (HL)
                                      :
Lieutenant CARSON; Ms. HALL;          :
Mr. BLAKELY,                          :
                                      :
              Defendants              :        **<u>ORDER</u>**
_____:

Plaintiff **HENRY MARVIN MOSS**, an inmate at Macon State Prison in Oglethorpe,

Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff has not paid the

required $350.00 filing fee; nor has he sought leave to proceed *in forma pauperis*.   However,

because plaintiff has not paid the filing fee, the Court will assume that he wishes to proceed *in forma*

*pauperis.*

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner

is generally precluded from proceeding *in forma pauperis* if at least three prior lawsuits or appeals

by the prisoner were dismissed as frivolous, malicious, or failing to state a claim upon which relief

may be granted (dismissal without prejudice for failure to exhaust administrative remedies and

dismissal for abuse of judicial process are also properly counted as strikes).   28 U.S.C. §1915(g);

Fed.R.Civ.P. 12(b)(6); *see Rivera v. Allin,* 144 F.3d 719 (11th Cir. 1998).  Section 1915(g) provides

an exception to the three strike rule, under which an inmate may proceed *in forma pauperis* if he

alleges he is in "imminent danger of serious injury."

The Eleventh Circuit has concluded that section 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the Eleventh Circuit upheld the constitutionality of section 1915(g). *Rivera*, 144 F.3d at 721-27.

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff has filed numerous civil rights or habeas corpus claims with federal courts while incarcerated. At present, at least six of these cases and/or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915 prior to the filing of this lawsuit: *Moss v. Miller*, 1:98-cv-66 (WLS) (M.D. Ga.) (appeal dismissed as frivolous); *Moss v. Superior Ct. of Dougherty Co.*, 1:95-cv-222 (WLS) (M.D. Ga. Dec. 8, 1995) (initial filing dismissed as frivolous pursuant to 28 U.S.C. § 1915(d))[1]; *Moss v. Kelley*, 1:95-cv-197 (WLS) (M.D. Ga. Oct 31, 1995) (initial filing dismissed as frivolous); *Moss v. State of Georgia*, 1:94-cv-3360-FMH (N.D. Ga. Feb. 16, 1995) (initial filing dismissed as frivolous pursuant to 28 U.S.C. § 1915(d)); *Moss v. Priddy*, 1:94-cv-9 (WLS) (M.D. Ga. Jan. 28, 1994) (initial filing dismissed as frivolous pursuant to 28 U.S.C. § 1915(d)); and *Moss v. Williams*, 1:94-cv-8 (WLS) (M.D. Ga. Jan. 31, 1994) (initial filing dismissed as frivolous pursuant to 28 U.S.C. § 1915(d)).

As plaintiff has six strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff has not made such a showing. Therefore, plaintiff's request to proceed *in forma*

---

[1] Under 28 U.S.C. § 1915(d), as then in effect, a court could dismiss a case if the allegation of poverty was untrue or if the action was frivolous or malicious. Former 28 U.S.C. § 1915(d) is now codified at 28 U.S.C. §§ 1915(e)(2) and 1915A , which additionally allow a court to dismiss an action that fails to state a claim upon which relief can be granted.

*pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice.  If plaintiff wishes to

bring a new civil rights action, he may do so by submitting new complaint forms and the entire

$350.00 filing fee at the time of filing the complaint.  As the Eleventh Circuit stated in ***Dupree v.***

***Palmer***, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being

denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

     **SO ORDERED**, this 25th day of February, 2009.


                                                      *s/ Hugh Lawson*

                                                      HUGH LAWSON

                                                      UNITED STATES DISTRICT JUDGE

lnb